ASSOCIATES FINANCIAL SERVICES COMPANY, INC. v FIRST
NATIONAL BANK OF SOUTH CENTRAL MICHIGAN

Docket No. 77-953. Submitted December 8, 1977, at Grand Rapids.—
Decided April 6, 1978.

A bulldozer was sold in Michigan to the Henion Development
Corporation and delivered to them at a job site in Indiana. The
seller's security interest was thereafter assigned to the plaintiff
Associates Financial Services Company, Inc., which filed a
financing statement with the Indiana Secretary of State. At a
later time the defendant First National Bank of South Central
Michigan made a loan to Duane Henion individually and took a
security agreement purportedly giving the bank a security
interest in the bulldozer. The bank then filed a financing
statement with the Michigan Secretary of State. The defendant
thereafter also filed a financing statement with the Michigan
Secretary of State. Upon default of the loan, the bank repos-
sessed the bulldozer and sold it at public auction. The plaintiff
then sued the defendant in the Branch County District Court
claiming conversion and seeking the net proceeds from the sale.
Judgment for defendant. Plaintiff appealed to the Branch
County Circuit Court, Harold J. Smith, J., which reversed.
Defendant appeals by leave granted. *Held:*

Indiana was the chief place of business of Henion Develop-
ment Corporation and, therefore, filing with the Indiana Secre-
tary of State was required. The plaintiff was the first to perfect
its security interest in Indiana and, therefore, it has priority.

Affirmed.

1. SECURED TRANSACTIONS—SECURITY INTERESTS—PERFECTION—CON-
STRUCTION EQUIPMENT—CHIEF PLACE OF BUSINESS—UNIFORM
COMMERCIAL CODE—PRIORITY IN FILING.

A security interest in construction equipment may be perfected
by filing a financial statement in the state where the equip-
ment's owner has its chief place of business; under the Uniform

REFERENCES FOR POINTS IN HEADNOTES
[1] 69 Am Jur 2d, Secured Transactions §§ 351, 359.
[2] 68 Am Jur 2d, Secured Transactions § 147.

Commercial Code the first financial statement filed in the correct state has priority (MCLA 440.9103; MSA 19.9103).

2. SECURED TRANSACTIONS—CONSTRUCTION EQUIPMENT—UNIFORM COMMERCIAL CODE—CORPORATIONS—CHIEF PLACE OF BUSINESS—SECURITY INTEREST—MULTIPLE FILINGS—STATUTES.

The Uniform Commercial Code provides that the chief place of business of a corporation determines the state law applicable to the filing of a security interest regarding construction equipment owned by the corporation; however, there is no prohibition in the code against filing in more than one state in cases of doubt as to the chief place of business (MCLA 440.9103; MSA 19.9103).

*VanHattum, Hickman, Timmers & Kozera* (by *Walter L. Harrison*), for plaintiff.

*Dresser, Marks & Svendsen*, for defendant.

Before: DANHOF, C. J., and M. J. KELLY and T. M. BURNS, JJ.

PER CURIAM. This case involves a dispute between holders of security agreements covering a bulldozer. The First National Bank of South Central Michigan (hereafter the bank) seized the bulldozer and sold it after a default in the loan given by it. Upon learning of the sale, Associates Financial Services Company, Inc. (hereafter Associates) sued in the district court for conversion, claiming that it had a valid prior security interest and was therefore entitled to the proceeds of the sale.

The bulldozer in question was sold to the Henion Development Corporation, a Michigan corporation, by D-P Equipment Co., in Michigan and delivered to a job site in Indiana. D-P Equipment received a security agreement as part of the sale which it assigned to Associates. Associates then filed a financing statement with the Indiana Secretary of State. At the time of the sale, Henion Development Corporation was involved in the development

of two projects in Indiana and doing only "odd jobs" with a backhoe in Michigan.

The bank bases its claim on a loan made to Duane Henion, individually, at some later time when the bulldozer had returned to Michigan. In exchange for the loan, Duane Henion executed a security agreement which purported to give an interest in the bulldozer to the bank. The bank attempted to perfect a security interest by filing a financing statement with the Secretary of State. Associates also filed with the Michigan Secretary of State subsequent to the bank's filing.

The parties agree that the bulldozer is the type of goods covered by UCC 9-103(2) and that this section is identical in both Michigan, MCLA 440.9103; MSA 19.9103, and Indiana, Burn's Indiana Statutes Annotated, § 19-9-103; IC 26-1-9-103, at least insofar as it applies to this case. The parties also agree that the security interest can be perfected by filing a financing statement, UCC 9-303, and that the first to file in the correct state has priority, UCC 9-312(5)(a). ·

The chief inquiry below was therefore narrowed to determining where Henion Development Corporation had its "chief place of business". Under UCC 9-103(2), this factor determines the applicable state law and therefore, where filing is required (Michigan or Indiana).

The district court found that Michigan was the principal place of business and on review, the circuit court determined that Indiana was the correct state.[1] We agree with the circuit court. At

---

[1] Although the circuit court judge does not explicitly state what standard of review he was applying in reviewing the findings of the district court judge, the proper standard should have been the "clearly erroneous" rule. The case was appealed under GCR 1963, 701.1 and 705.1 as amended in 1969 (see 381 Mich xliii–xlv). The proceeding is designated as an appeal and it is on the record. No testimony or evidence is received by the circuit court. The same

the time the sale was made, the purchaser gave an Indiana address and the bulldozer was delivered in Indiana. The corporation was authorized to do business in Indiana, and from the testimony at trial, it appears that its primary concern was development of Indiana property.[2] Since only Associates had a perfected security interest in Indiana, the circuit court properly ordered the district court to enter judgment in favor of Associates.

It should be noted that there is no prohibition in the code against filing in more than one state in cases of doubt as to the chief place of business. Associates could have avoided this suit by filing originally in Michigan and Indiana and the bank, knowing of Henion Development Corporation's interest in Indiana, could have protected itself by checking with the Indiana Secretary of State before granting this loan.

Affirmed. Costs to appellee.

---

functional administrative considerations which necessitate the application of the clearly erroneous rule to appeals to the Court of Appeals also apply to appeals to the circuit court from district court decisions. Special regard should be given to the opportunity of the trial judge to observe the credibility and demeanor of the witnesses. *See,* GCR 1963, 517.1, DCR 517.1. The rules were amended in 1977 *(see,* 400 Mich lxix) and GCR 1963, 701 now controls the scope of review. These amendments did not diminish or change the importance of the considerations which underlie the clearly erroneous rule. Also, the repeal of old GCR 1963, 705.18 is consistent with applying the clearly erroneous rule as the proper scope of review. Even though the circuit court did not use the words "clearly erroneous", his opinion indicates that he thought the facts clearly directed him to the conclusion that Indiana was the principal place of business.

[2] The bank did not claim (and does not claim on appeal) that the principal place of business was once Indiana and later became Michigan and, therefore, Associates was required to refile in Michigan to protect its security interest. *See,* White & Summers, *Handbook of the Law Under the Uniform Commercial Code* (West Publishing Co, 1972), § 23-19, pp 852–853. The bank has only contended that Michigan was the chief place of business.